We are ready to proceed in Johnson v. Garland. May it please the court, Marissa Wenzel, pro bono counsel for Paul Johnson. The New Jersey legislature writes criminal statutes to get the convictions it wants to get, not for the federal government's convenience in removing non-citizens. Writing 5b1, the legislature chose to treat drug identity as a factual means, not an element, and for sensible reasons. For example, New Jersey prosecutors can convict if lab results come back inconclusive, and New Jersey prosecutors can convict if someone distributes one drug thinking it was another. The government asks this court to hold that New Jersey law acquits defendants in both of those cases, because, according to the government, precise drug identity is an element of a 5b1 offense that requires proof beyond a reasonable doubt to a unanimous jury. No New Jersey case supports that position. In fact, the New Jersey... What about the Third Circuit's case in Gale? Your Honor, Gale is an unpublished decision, and it is not a New Jersey case. It is, as Your Honor mentioned, a Third Circuit case. Gale also wrongly looked to the entirety of 35.5b rather than locally to 35.5b1 in assessing whether the statute imposes higher penalties according to the drug at issue. Well, in Marsh, which is a published decision, the Third Circuit concluded that the statute is divisible as to drug type generally, and I know, as you say, that's within the subsections of that statute, but isn't it relevant that if it's divisible to that degree that it might also be divisible within the subsections? I mean, that the legislature intended to create a divisible provision? Your Honor, I would not agree with that because I think the categorical approach requires that courts look to the statute of conviction, and here there is no dispute that Mr. Johnson was convicted of 5b1. The government asks for no more than that. They explain on page, I believe it's 21 or 26 of their brief, citing United States v. Castleman, that it's appropriate to look to the subsection under which a petitioner defendant was convicted, and here there's no dispute that that was b1. The court took the same approach in Smith when there was a third degree offense and also a second degree offense within the same statutory subsection. The third degree had carved out small amounts of marijuana. Rather than looking to whether marijuana and the second degree offense were divisible from each other, the court focused more locally on the second degree offense itself, finding that indivisible, and the court should take the same approach here, not looking at the entirety of 5b, but instead comparing apples to apples, the divisibility of 5b1 against the conviction that my client experienced, which was 5b1 itself. Your Honors, no New Jersey case, that is no New Jersey state case, which is where Mathis instructs us to look, supports the government's position. Torres is clear in statutory text, supports Torres. Should the court look further, I want to emphasize that I think it's hard to imagine a clearer illustration of indivisibility than Mr. Johnson's own record of conviction. His indictment charges a 5b1 offense committed with, namely, MDMA, while the judgment says heroin slash cocaine, a combination that would be impermissibly duplicitous under New Jersey law, and impossible to square with a different substance being identified in the indictment, if drug identity were an element. Because all three Mathis sources here, state case law, exemplified by Torres, statutory text, exemplified by the uniformity in punishment throughout subsection 5b1, and the record of conviction, exemplified both by the variance between the indictment and the judgment, and by the heroin slash cocaine notation, which would be impermissibly duplicitous, shows that Mr. Johnson's statutes of conviction are indivisible and overbroad. And for that reason, they cannot predicate removal, as alleged. The government seems to suggest that Torres somehow misunderstands the word element. But that's belied by post-apprendee cases that cite Torres with approval. Specifically, we cite the State v. Lashley case, New Jersey Appellate Division from 2000- What about the government's argument that Torres is really pretty clearly about mens rea? It's about whether you have to prove that the defendant had knowledge of the substance possessed, not about whether the substance itself is an element. Your Honor, Torres' mens rea holding is inextricably predicated on a definitive announcement of drug quality element. The reason why the trial judge was proper in instructing the jury that the jury need not find the defendant's knowledge of a particular drug was because the particular drug is not an element of the offense. So the mens rea holding was predicated on reasoning that announces a drug quality element. Mathis certainly does not require that the state court's holding be specifically announcing a divisibility ruling. Instead, the reasoning that the court uses to get to the mens rea holding, which could be considered a holding itself, but even if the court looks at it as dicta, is persuasive state law under Mathis showing indivisibility. I do want to emphasize the record of conviction here because I think it's harder to find a clearer case than we have. The shifting drug identification is an important indication of indivisibility. Starting with the indictment, we have namely MDMA. And that word namely is also a textual clue of indivisibility because it's a videla set, which indicates that a factual means is about to follow. So we have in the indictment namely MDMA. And then with no amendment whatsoever to the indictment, we look at the judgment of conviction and we see a different substance described there, heroin slash cocaine. Those different factual means are distinguishable from the indictment and those reflect that drug identity is not an element. The government cannot be charging one element in an indictment and a different element in the ultimate judgment without an amended indictment. And that's exactly what we have here. Comparable state case law also supports indivisibility of 5B1. So if we look at the Avila's case from the Third Circuit, there that statute, just like 5B1, includes a list of prohibited substances. And the Third Circuit held that the text of the statute indicated that drug identity was not an element. Thank you, Your Honors. Good morning. May it please the court. My name is Craig Newell, and I'm here on behalf of the Attorney General. Mr. Johnson's conviction under New Jersey's drug trafficking statute, sections 2C35, 5A1, and B1, is a drug trafficking aggravated felony. And that renders him removable and forecloses him from the only relief that he wishes, which is cancellation or removal. And because of this conclusion- I would respond to the argument that if indeed drug identity is an element, given the disparity between the indictment and the judgment, there's a problem there. Your Honor, there is not a problem there because looking at the indictment and the judgment of conviction form, that is part of the analysis that Mathis refers to as the peak. That is the final step in the hierarchy of the sources of state law we look into. And we only look into that if there's not clear indicators. The position is we don't need to get that. You do not need to get that. The statutory structure requiring differing punishments based on the type of drug. That, the statutory structure, is an authoritative source of state law, and then the case law. What about our decisions in Stankiewicz and Harbin? Different statutes. Right, right. But applying their reasoning, why don't the reasoning of those two decisions control here? They do not control here. First, with Stankiewicz, Stankiewicz is also a New Jersey statute, but it's their distribution in a protected zone. Their school and the Smith- It's a different statute, but it's using the same terminology, control, dangerous, substance, or whatever the language is. It is, and in Stankiewicz, though, this court recognized that the statutory structure matters in looking into the divisibility analysis. It distinguished that statute from the 2C35-5 that has the differing punishments per type of drug. That one didn't. It was all a third degree offense, except for if it had a small amount of marijuana. And so, for that reason, Stankiewicz did not consider the Jordan decision, the Rivestino decision. I think the Rivestino decision is a very strong indicator of its divisibility. Because, so in that case, the New Jersey state prosecutor tried to aggregate the weight of the defendant's heroin and cocaine to meet that five ounce weight. And the court held that that was improper. It says that the section five, first of all, focuses on a singular substance. And then this is very important, that when it looks at D1 itself, it says you look at each particular type of substance needs to be charged separately. Whether that being cocaine, or heroin, or the MDNA and MDA. And if this were just means, if they were just means at getting at it, the court should have had no problem with aggregating it to get its weight. What is the key variable here? What is the thing that's causing the constituent part of this crime? It's a particular type of drug tied to the weight required under whatever particular subsection went in. And that is why drug type is an element of this conviction. I just, I will briefly mention about our no over breath argument. And I know the court may be disinclined to look at that because both parties agreed previously that it was over broad. The petitioner also failed to make an argument below. Should we not treat the two failures the same way? And that's what the third circuit did. And it, well, the third circuit canceled it out and decided not to look into it. But I- Is there reason to ignore the government's failure while holding the petitioner accountable for its failure to raise the issue below? Why should we treat the government differently? I don't think you should, and that's why we're asking for this to be based on assumption of over breath. And so I just wanted to point out that that is there, and it is percolating in immigration court proceedings. But we believe the prior position is based on a mistaken understanding of New Jersey law. New Jersey law- You're not pressing it at this point. No, thank you. New Jersey law essentially mirrors the federal way, the federal statute, the federal 21 U.S.C. 841. I mean, this court and Requena recognize that the type and quantity of drug under that federal statute is an element when you want to increase a sentence. And that is exactly what we have here with this New Jersey distribution drug. And for that reason, it is divisible by drug type, and the court should hold so. And then you get to apply the modified categorical approach. And his indictment shows that it's MDNA, and the judgment cross-references his pleading guilty to that count with the MDNA. Just making sure I understand your argument. The argument is that because there is a subdivision of drug type into subsections, and penalties change depending upon which drug type you're in, that we should, that that is enough as a statutory matter for us to conclude that within a subdivision, it also is divisible? Yes, Your Honor. Or is there something additional to the statutory argument before we get to the records of conviction? Yes, Your Honor, it is that. For practical purposes, you need to know the identity of the drug to know which subsection you fall into. And then if you look at Rivestino, it says that within the- So what are the type differences you're talking, what are the type differences within the- The type would be the particular drug, whether it's heroin, cocaine. Not this broad class of drug, not the listing of the four different drugs within B1. What are the consequences? What are the different consequences, statutory consequences, depending on which type it is? Well, with respect to heroin or cocaine or MDNA, MDMA, and MDA, it's a first degree offense if you have the five ounces. It's a second degree if you have a lesser amount, and that is- I think it's the same penalty regardless of which drug it is. It's only the quantity that would affect the sentence? No, Your Honor, because in Rivestino, the New Jersey Intermediate Appellate Court says it's the weight tied to that one type of drug. Within B1 itself, it's disjunctive between heroin, cocaine, and MDMA, and so they need to be charged separately. And then Jordan shows that if they're charged separately and they're proven beyond a reasonable doubt, then you get two convictions, two punishments, two legal consequences arising from that type of drug. And that's why it's divisible and why the courts hold so. And how do we know that that's, as we've said before, that that tells us something about divisibility as opposed to units of prosecution? Units of prosecution is another way at getting at divisibility. Here, so here the drug type is doing two things. It's acting as the variable that causes the difference in punishment. That's the apprende way of getting at an element. And a unit of prosecution, so that's when you have two violations of the same statute. And you're like, well, how do we know that you can be punished twice for that? Well, you need to have two units of prosecution. A unit of prosecution is just another name for an element or combination of elements that allows for those multiple punishments and no double jeopardy problem under our Constitution. If there are no further questions, I thank you, Your Honors, for my time. Thank you. Thank you, Your Honors. I want to raise a few points in rebuttal. First of all, with response to Judge Chin's note about overbreadth, we actually did raise that issue below at pages 163 through 165 of the record. We disputed overbreadth. I wasn't talking about overbreadth. I was talking about conspiracy. Oh, my apologies, Your Honor. So that's the argument that wasn't raised below, correct? I would agree with that. We're not- I know you addressed overbreadth. Thanks very much. And I did just want to add that this is not a case where the court should be departing from its long-held commitment to proper issue preservation. Not only is this not a case where the government is requesting as much, but there would be no prejudice from assuming overbreadth in this case as the government requests, as the court did in Gale when the same issue arose with Tardy's presentation of this issue. The government is relying on a case going back to 1979 for its overbreadth argument. My client has been in immigration proceedings for two years. He was incarcerated by ICE for eight months. He's been removed to Jamaica, separated from his U.S. citizen children and elderly U.S. citizen mother. This is not the case to compromise the circuit's commitment. Could you respond to the arguments about the penalty provisions? Absolutely, Your Honor. It is proper to look at the divisibility of 5B1 locally rather than 5B1 as a whole. And I think what my opposing counsel was saying was that knowing the drug tells you which numbered subsection you're in of 35-5, that's actually not correct. If I knew that the drug was heroin, I don't know if I'm in 5B1, 5B2, or 5B3. 5B2 and 5B3 actually refer back to the substances in 5B1. So the argument is not correct on its own terms. And then as a matter of principle and approach, the point is that we compare the apples to apples of the petitioner's actual conviction, which was 5B1, against the particular subsection at issue. When we look at case law, I think the failure in the government's argument is particularly clear. We cite Torres, which specifically talks about elements. They cite no New Jersey case talking about the elements of 5B1. What they do cite are Jordan and Rivastoneo, and I'd like to talk to that because, Your Honor, Chief Judge Livingston noted the Stankiewicz decision, which is directly on point here. Stankiewicz held, it does not follow that just because the government can bring multiple charges based on a single transaction involving more than one controlled substance, the drug type is a required element of the statute. And it's for exactly the reason that Your Honor was just discussing with respect to unit of prosecution. Jordan and Rivastoneo speak to no more or less than how many offenses can occur when charged with a single statute. And so let me give an example. If I were to shoot into a crowd and kill multiple people, I could be convicted of multiple counts of murder not because there are different elements between each count of murder, but because the government has allowed multiple prosecutions in light of the factual distinction that is each victim of the murder crime. So that explains why, for example, in Jordan, Jordan explained why New Jersey notes that each drug represents a separate and distinct threat to the public good. The point is that the dealer whose inventory includes more than one drug poses a higher danger to society. He can satisfy a wider market. He can escalate drug consumers from low-risk to high-risk drugs. For all of these salutary policy reasons, the New Jersey legislature has chosen to allow multiple convictions of the same elements. Those policy reasons that are explained in Jordan have nothing to do with drug identity being an element. And the same reasoning applies to Rivastoneo's weight abrogation holding. The point is that for each conviction, you need to prove all of the elements. And for that reason, you can't satisfy the weight element across different convictions. But you can have multiple convictions for, as an example, five or more ounces of cocaine, five or more ounces of heroin, simultaneously for all of the policy reasons that New Jersey describes in Jordan. As a final closing remark, Your Honor, I would just note that both Gail and Marsh are unpublished cases. And instead of following them, the court should follow this court's well-established precedent, most recently in Stankiewicz, while also looking to the statutory text and the New Jersey's decision, which, of course, deserves the most respect in the categorical approach context in Torres. For those reasons, we respectfully request that the court grant the petition for review and remand for termination of removal proceedings. Thank you both, and we'll take the matter under advisement. Thank you.